IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROYAL BERNARD WRIGHT,

    Petitioner,                  No. CIV-S-06-0999 GEB KJM P

  vs.

JOHN MARSHALL,[1]

    Respondent.                FINDINGS AND RECOMMENDATIONS

         Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a sentence of twelve years' imprisonment in the California Department of Corrections and Rehabilitation (CDCR) for second degree robbery. Respondent has filed a motion asking that this matter be dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)(1).

         The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest court in his or her state with a full and fair opportunity to

/////

---

[1] Mr. Marshall is hereby substituted as respondent for Jeanne Woodford. See Mot. at n.1; Fed. R. Civ. P. 25(d).

1

1  consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270,
2  276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).
3  The state court has had an opportunity to rule on the merits when the petitioner
4  has "fairly presented" the claim to that court.  The fair presentation requirement is met where the
5  petitioner has described the operative facts and legal theory on which his claim is based.  Picard,
6  404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal
7  claim were before the state courts . . . or that a somewhat similar state-law claim was made."
8  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

13  Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus
14  must include reference to a specific federal constitutional guarantee, as well as a statement of the
15  facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).
16  The court construes petitioner's only claim in this action as follows:  Petitioner
17  should be allowed to withdraw his guilty plea because he was not granted counsel in connection
18  with a motion to withdraw his plea and to investigate his counsel's possible ineffectiveness in
19  violation of the Due Process Clause of the Fourteenth Amendment.  See Pet. at 5.  In his petition
20  for review filed in the California Supreme Court, petitioner raised the following issue:  "The
21  question presented in this case is whether the trial court erred in declining to appoint substitute
22  counsel to investigate petitioner's motion to withdraw his plea or to hear that motion."  Resp't's
23  Lodged Doc. 3 at 1.  Petitioner also claimed his petition for review should be granted in order to
24  determine, inter alia, whether petitioner was denied "due process of law under the . . . federal
25  Constitution[]."  Resp't's Lodged Doc. 3 at 2.
26  /////

1  In light of the foregoing, the court finds that petitioner fairly presented the claim
2  asserted in this action to the California Supreme Court, and that the California Supreme Court
3  ruled on that claim.  Therefore, petitioner has exhausted state court remedies with respect to the
4  claim brought in this action and respondent's motion to dismiss should be denied.
5  Accordingly, IT IS HEREBY RECOMMENDED that:
6  1. Respondent's April 16, 2007 motion to dismiss be denied; and
7  2. Respondent be directed to file his answer within sixty days of the adoption of
8  these findings and recommendations.
9  These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11 days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within ten days after service of the objections.  The parties are advised
15 that failure to file objections within the specified time may waive the right to appeal the District
16 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: February 5, 2008.

U.S. MAGISTRATE JUDGE

1
wrig0999.157